IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 18-cr-30019 |
| | ) |
| **JIMOTHY KIRKHAM,** | ) |
| | ) |
| Defendant. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Jimothy Kirkham's pro se Renewed Motion for Compassionate Release (d/e 50) and Second Amended Motion for Compassionate Release (d/e 51), requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, Defendant's motions are DENIED.

### I. BACKGROUND

On August 3, 2018, Defendant pled guilty to one count of possession with intent to distribute mixtures or substances containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and one count of possession of a firearm in

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  See Minute Entry, Aug. 3, 2018.  On December 10, 2018, the undersigned district judge sentenced Defendant to a total of sixty-four months' imprisonment, consisting of four months' imprisonment on the controlled substance offense and sixty months imprisonment on the firearm offense, to be served consecutively to each other.  Judgment 2, d/e 33.  A three-year term of supervised release was also imposed on each count to be served concurrently with each other.  Id. at 3.  The sentence was imposed pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) in which the parties agreed upon the sentence to be imposed.

Defendant is currently serving his sentence at USP Leavenworth in Leavenworth, Kansas, and his projected release date is October 25, 2022.  See Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed Apr. 10, 2021).

On December 22, 2020, Defendant filed a pro se Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) With Supporting Memorandum, d/e 41, seeking a sentence reduction based on his health issues and the COVID-19 pandemic.  On December 30, 2020, following the appointment of the Federal Public

Defender's Office to represent Defendant, an amended Motion for Compassionate Release, d/e 43, was filed. On January 25, 2021, the Court denied Defendant's first Amended Motion for Compassionate Release, finding that Defendant had not exhausted his administrative remedies as required by statute. See Opinion, 11-12, d/e 49.

On March 16, 2021, Defendant filed his Renewed Motion for Compassionate Release and on March 22, 2021, Defendant's appointed counsel filed a Second Amended Motion for Compassionate Release. In the Second Amended Motion, Defendant states that since the filing of the first motion, Defendant "has requested compassionate release from the Warden of his facility and more than 30 days have lapsed." Second Am. Mot. 2.

On March 25, 2021, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 55). The Government does not raise the issue of exhaustion in the response to the Second Amended Motion, thereby waiving the issue. The Government argues that the Court should deny Defendant's Second Amended Motion on the merits.

If released from custody, Defendant proposes to live with his mother and her husband in Springfield, Illinois. On January 3, 2021, the U.S. Probation Office filed a Memorandum (d/e 46) concluding that Defendant's proposed release plan is suitable. Mem. 2. Defendant has submitted the same release plan in connection with his Second Amended Motion, and in a second Memorandum, the Probation Office again found the release plan to be suitable. Mem. 1, d/e 52.

On April 8, 2021, the Court held a videoconference hearing on Defendant's Second Amended Motion. Defendant appeared by telephone from USP Leavenworth.

As of April 20, 2021, the Bureau of Prisons (BOP) reports that USP Leavenworth has no active confirmed inmate cases of COVID-19 and five active confirmed staff member case of COVID-19. See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed Apr. 20, 2021).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist,

one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in

section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Defendant attached the warden's denial of Defendant's request for compassionate release to his pro se Renewed Motion. See Renewed Mot. for Compassionate Release at Page ID 12, d/e 50. The Government does not dispute that Defendant has now exhausted his administrative remedies as required by statute, so the Court finds that Defendant's Second Amended Motion is properly before the Court. Nonetheless, having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments

have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison. Further, Defendant has been diagnosed with underlying medical conditions that may increase the serious risks that COVID-19 presents for Defendant. See Coronavirus Disease 2019 (COVID-19) – People at Increased Risk – People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Apr. 10, 2021).

Defendant is a 33-year-old male. Resp. 2. According to Defendant's Second Amended Motion, Defendant "has been diagnosed with obesity, hypertension, and chronic kidney stones." Second Am. Mot. 1. The CDC's current guidance indicates that obesity increases the risk of severe illness from COVID-19. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity (last accessed Apr. 10, 2021). According to the Government's Response, Defendant "appears to have a BMI of approximately 31.7 (based on a height of 69 inches and a weight of 215 pounds)." Resp. 2. This

places Defendant's BMI slightly above 30, the threshold for a diagnosis of obesity.  Id.

The CDC's current guidance indicates that primary (essential) hypertension might increase the risks from COVID-19.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions (last accessed Apr. 10, 2021).  Defendant takes medication to treat his hypertension and according to the medical records that have been filed, Defendant's condition appears to be well managed by medication.  Recent blood pressure checks conducted by BOP medical staff all appear to be within the normal range or only slightly elevated.  See BOP Medical Records at Page ID 15, d/e 53 (reflecting blood pressure readings of 125/80 in February 2021 and 130/90 and 137/85 in January 2021).

Finally, Defendant has been diagnosed with chronic kidney stones for which he has required medical intervention in the past. According to the CDC's current guidance, chronic kidney *disease* increases the risks of COVID-19.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#chronic-kidney-

disease (last accessed Apr. 10, 2021).  In its response, the Government states that "kidney stones qualify as chronic kidney disease that would qualify as a complicating health factor."  Resp. 2.  But the CDC's guidance on COVID-19 and chronic kidney disease does not mention kidney stones as being either a risk factor for, or a symptom of, chronic kidney disease.  Further, the BOP medical records do not reflect that Defendant has been diagnosed with chronic kidney disease.  See BOP Medical Records at Page ID 23 (listing current and resolved medical issues).

In sum, Defendant is relatively healthy and relatively young.  Defendant's weight makes him barely obese, his hypertension is being controlled with medication, and he does not appear to suffer from the sort of chronic kidney condition that the CDC recognizes as increasing the risks of COVID-19.

While USP Leavenworth has previously reported many positive cases of COVID-19, no active confirmed cases of COVID-19 are among the inmate population of the facility.  Additionally, at the hearing on Defendant's motion the Court heard from an officer at USP Leavenworth who reported that Defendant should be receiving

his first dose of the COVID-19 vaccine within the next week or two. See Minute Entry, Apr. 8, 2021.

Even if extraordinary and compelling circumstances warranting a reduction in a defendant's sentence exist, a court must then "consider[ ] the factors set forth in section 3553(a) to the extent that they are applicable" in order to determine if a sentence reduction is appropriate under the particular circumstances of the case. 18 U.S.C. § 3852(c)(1)(A). In this case, Defendant has approximately a year and a half remaining on his sentence, assuming he receives full good time credit. While Defendant has no criminal history prior to the offense for which he is currently incarcerated, when a search warrant was executed at Defendant's residence, law enforcement officers recovered three loaded handguns, a shotgun, an AR-15 rifle, and hundreds of rounds of ammunition in the same room in which drugs and drug packaging materials were stored. PSR ¶ 14, d/e 25. Further, Defendant has been disciplined twice while in BOP custody—once for possession of an unauthorized item and once for being in an unauthorized area. Mem. 2, d/e 46.

Although the Probation Office has concluded that Defendant has presented a suitable release plan, the Court, after considering the factors set out at 18 U.S.C. § 3553(a)—specifically the nature and circumstances of the offense and the need to protect the public from further crimes of the Defendant— concludes that those factors weigh against a reduction in Defendant's term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Jimothy Kirkham's pro se Renewed Motion for Compassionate Release (d/e 50) and Second Amended Motion for Compassionate Release (d/e 51) are DENIED.

ENTER: April 20, 2021

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE